■ In the Matter of GEORGIANNA N., Appellant, v CARMEN V. et al., Respondents. [68 NYS3d 44]—

Order, Family Court, New York County (Pamela Scheininger, Ref.), entered on or about April 15, 2015, which dismissed petitioner maternal grandmother Georgianna N.'s petition for post-adoption visitation of the subject children, unanimously affirmed, without costs.

The court properly dismissed the petition for visitation by the maternal grandmother as not in the subject children's best interests (*see Matter of Ziarno v Ziarno*, 285 AD2d 793 [3d Dept 2001], *lv denied* 97 NY2d 605 [2001]). The adoptive mother testified that the children came into her care when they were one month old and three years old, respectively. At the time of her testimony, the grandmother had not seen the children in approximately three years and had no existing relationship with them, nor did they ask about her. Additionally, the children have significant behavioral and emotional issues, which are being addressed by the adoptive parents, a behavioral specialist, and a school therapist, who have implemented a highly structured program, which includes constant supervision in both the home and at school. The adoptive parents have

been trained in the children's behavioral program and how to address their behavior. The record strongly supports Family Court's determination that introducing grandparent visitation into the children's lives would significantly disrupt their routines, would be detrimental to their progress, and would present a risk of regression to their previous behavior. In addition, the grandmother has previously taken the children to visit their biological parents, and wrongly told them that they would once again live with the biological parents, whose rights were terminated in 2011. Moreover, the children's behavioral specialist has indicated that anyone with unsupervised, or even supervised, contact with the children first must undergo extensive training regarding their special needs.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Kahn and Kern, JJ.